IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. ELH-19-0172 and |
| SHANNON MARSHALL, | ELH-20-0286 |
| *Defendant*. | |

**MEMORANDUM**

Defendant Shannon Marshall submitted correspondence to the Court in case ELH-19-0172 ("2019 Case"), inquiring about his eligibility for a sentence reduction pursuant to Amendment 821. *Id.*, ECF 40 (the "Motion"). The Motion should have been filed in Case ELH-29-0286 ("2020 Case"), because the 2019 Case was dismissed by the government. *Id.*, ECF 38, ECF 39. At the request of the Court (2019 Case, ECF 42), the government responded. *Id.*, ECF 43; *see also* 2020 Case, ECF 17.[1] On January 25, 2025, the Office of the Federal Public Defender notified the Court that it does not intend to file a supplement to the Motion. 2019 Case, ECF 46.

No hearing is necessary to resolve the Motion. For the reasons that follow, I shall deny the Motion.

**I.   Background**

On September 24, 2020, in case ELH-20-0286, Marshall entered a guilty plea to a criminal information (*id.*, ECF 1) charging him in two counts with distribution of controlled substances. *Id.*, ECF 5. The government had initially charged Marshall by way of an indictment in case ELH-19-0172. *See id.*, ECF 1 (charging distribution of narcotics resulting in death and distribution of

---

[1] The government properly docketed its filing in both cases. I shall do the same.

narcotics).[2]

The plea was tendered pursuant to a Plea Agreement.  2020 Case, ECF 6.  Pursuant to Federal Rule 11(c)(1)(C), the parties agreed to a sentencing range of 156 to 180 months of imprisonment.  *Id.* ¶¶ 9, 10.  Based on drug quantity, the drug offenses would have resulted in a combined offense level of 14.  ECF 6, ¶ 6(c).  But, the parties agreed to an upward departure level of 38, pursuant to § 5K2.1 of the U.S. Sentencing Guidelines ("Guidelines" or "U.S.S.G."), "because the death of G.S. resulted from the Defendant's conduct."  *Id.* ¶ 6(d).[3]

Defendant had a criminal history category of III.  ECF 8 (Presentence Report), ¶ 37.  After deductions for acceptance of responsibility, under U.S.S.G. § 3E1.1, defendant had a final offense level of 35.  An offense level of 35, with a criminal history category of III, yields Guidelines ranging from 210 months to 262 months of imprisonment.[4]

On December 22, 2020, the Court sentenced Marshall to concurrent terms of 165 months of imprisonment, followed by three years of supervised release.  *Id.*, ECF 15.  And, the government moved to dismiss case ELH-19-0172.  ECF 38, ECF 39.

## II.    Discussion

### A.

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States*

---

[2] It is not clear to the Court why the government chose to initiate an entirely new case, rather than filing the information in the 2019 Case.

[3] The Presentence Report calculated the Guidelines based on the base offense level of 14. ECF 8, ¶¶ 15, 20, 24, 77.

[4] As noted, the offense level was determined in accordance with the Plea Agreement, not based on the drug quantity.  But, the Presentence Report prepared Guidelines based on the drug quantity.  *See* ECF 8, ¶¶ 15, 20, 24, 77.

*v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

Section 3582(c)(2) of 18 U.S.C. is relevant. It permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the amendment has been made retroactively applicable and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Moore*, 2024 WL 2828103, at *1 (4th Cir. June 4, 2024) (per curiam). *Id.*; *see United States v. Barrett*, 133 F.4th 280 (4th Cir. 2025); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010)

Amendment 821 to the Guidelines went into effect on November 1, 2023. *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821. It "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024).

Part A of Amendment 821 pertains to criminal history and so called "status points." *Id.* It amended U.S.S.G. § 4A1.1 "by redesignating subsection (d) as subsection (e) and reducing the

additional criminal history points assessed to a defendant who committed his offense while under a criminal justice sentence." *Moore*, 2024 WL 2828103, at *1; *see also Barrett*, 133 F.4th at 282-83. "Criminal justice sentence" under the Guidelines includes probation, parole, supervised release, imprisonment, work release or escape status. U.S.S.G. § 4A1.1(e).

Prior to Amendment 821, two points were added to a defendant's criminal history score if the defendant committed the underlying offense while on parole, probation, or supervised release (previously codified at U.S.S.G. § 4A1.1(d)). But, Amendment 821 limits the assignment of such "status points." *See* U.S.S.G. § 4A1.1(e).

In particular, Amendment 821 permits the assignment of only one status point, not two, and then only if a defendant has seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e). In other words, § 4A1.1(e) eliminates any status points for a defendant who "has six or fewer criminal history points." *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points."). And, a defendant who has seven or more criminal history points is only subject to a one-point increase, rather than a two-point increase. *See* U.S.S.G. § 4A1.1(e).

Part B of Amendment 821 provides for a decrease of two offense levels "[i]f the defendant meets all of the following criteria[.]" U.S.S.G. § 4C1.1(a). The criteria are, *id.*:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;

4

> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

In *Barrett*, 133 F.4th at 288, the Fourth Circuit stated that, as to Amendment 821, a court is "authorized" under the Sentencing Commission's policy statement § 1B1.10(b)(1) "to consider" the effect of Amendment 821 on a defendant's criminal history category under § 4A1.1 and offense level under § 2D1.1(b)(17).

The Fourth Circuit requires the district court to employ a two-step approach in considering § 3582(c)(2) motions. *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016); *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015). "First, a court must determine the defendant's eligibility. Section 3582(c)(2) permits a reduction only if (1) the defendant's 'term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.' § 3582(c)(2). Second, the court may grant the authorized reduction 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Peters*, 843 F.3d at 574 (citations omitted). "The ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion." *Id.*

## B.

As the government points out, "Marshall fails to assert any grounds for relief . . . . Instead, he asks the Court to tell him if any grounds for relief exist." 2019 Case, ECF 43; 2020 Case, ECF

17.

As indicated, Amendment 821 amended the Guidelines with respect to certain offenders who (a) earned criminal history "status points" based on commission of an offense while under a criminal justice sentence; or (b) had zero criminal history points at the time of sentencing. Notably, Marshall was not assigned any status points. *See* 2020 Case, ECF 8 (Presentence Report). So, obviously, there is no change applicable to him with regard to status points. Nor was he a zero-point offender. In fact, Marshall had a criminal history category of III. *Id.* ¶¶ 36, 37.

Therefore, Amendment 821 does not affect Marshall's Guidelines. It follows that Marshall's Guidelines range is not subject to any retroactive change.

For these reasons, I shall deny defendant's Motion. *See* 2019 Case, ECF 40. An Order follows.

Date:  November 17, 2025                             /s/
                                                                           Ellen L. Hollander
                                                                           United States District Judge